IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATALIE ALTIZER | ) | CASE NO. |
| 551 Aquaduct Street | ) | |
| Akron, Ohio 44303 | ) | JUDGE |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDICAL MUTUAL OF OHIO | ) | |
| 2060 East 9th Street | ) | |
| Cleveland, Ohio 44115 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AULTCARE INSURANCE COMPANY | ) | |
| 2600 Sixth Street, SW | ) | |
| Canton, Ohio 44710 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STARK COUNTY SCHOOLS COUNCIL OF GOVERNMENTS | ) | **COMPLAINT AND JURY DEMAND** |
| 6057 Strip Avenue | ) | |
| Canton, Ohio 44720 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SUMMIT COUNTY BOARD OF DEVELOPMENTAL DISABILTIES | ) | |
| 89 East Howe Road | ) | |
| Tallmadge, Ohio 44278 | ) | |
| | ) | |
| Defendants | ) | |

1

Now comes the plaintiff, by and through her counsel, and for her complaint against the defendants, avers and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Natalie Altizer brings this action to challenge the defendants' discriminatory health insurance policy that, on its face and as construed, engages in discrimination because of sex by denying LGBTQ (lesbian, gay, bisexual, transgender, queer, intersex, or non-binary) individuals and couples equal access to fertility treatment, in violation of Section 1557 of the Patient Protection and Affordable Care Act ("ACA") and the Equal Protection Clause of the 14th Amendment to the United States Constitution.

2. Families matter.

3. Same sex married couples like plaintiff Natalie Altizer and her spouse enjoy the same fundamental right to have and raise a family as do more "traditional" heterosexual married couples.

4. Plaintiff Natalie Altizer and her spouse are a lawfully married same-sex couple whom, like many same-sex married couples and non-LGTBQ couples, want to have children and raise a family.

5. Like many LGBTQ married same-sex couples, plaintiff Natalie Altizer cannot conceive through sexual intercourse with her spouse and can become pregnant only through fertility treatments such as intrauterine insemination ("IUI") and in vitro fertilization ("IVF") that would require sperm donation from a non-spouse male.

6. Plaintiff Natalie Altizer is an employee of defendant Summit County Board of Developmental Disabilities.

7. Plaintiff Natalie Altizer is enrolled in a Health Plan (the "Health Plan") through her employer, defendant Summit County Board of Developmental Disabilities.

8. Defendant Stark County Schools Council of Governments is a consortium of over 150 governmental agencies, including public school districts, public libraries, county boards of developmental disabilities, and other governmental agencies in the State of Ohio, primarily in northeast Ohio.

9. Defendant Summit County Department of Developmental Disabilities is a member of defendant Stark County Schools Council of Governments and provides comprehensive health care benefits to its employees, including plaintiff Natalie Altizer, through the Health Plan which is the subject of this lawsuit.

10. The Health Plan is self-funded by defendant Stark County Schools Council of Governments and its members, which retained defendants Medical Mutual of Ohio ("Medical Mutual") and AultCare Insurance Company ("AultCare") pursuant to a contract to perform necessary claims processing and administrative services for the Health Plan.

11. The Health Plan provides coverage for fertility treatment but specifically limits coverage to a "self-donor" basis and specifically excludes from coverage "other" donors, including specifically non-spouse sperm donors and non-genetic mothers.

12. In order to conceive and become pregnant, plaintiff Natalie Altizer would need to receive sperm from a non-spouse sperm donor.

13. The Health Plan's policy language on its face, and as applied, intentionally discriminates against plaintiff Natalie Altizer and other LGBTQ individuals and couples on the basis of sex, because of their sexual orientation, and therefore violates their rights under Section

1557 of the ACA and the Equal Protection Clause of the 14th Amendment to the United States Constitution.

14. By contracting with defendant Stark County Schools Council of Governments to provide necessary claims processing and administrative services under the Health Plan that is the subject of this lawsuit, including specifically the discriminatory provisions that operate to exclude plaintiff Natalie Altizer from receiving coverage for fertility treatment cited herein, defendants Medical Mutual and AultCare have acted in concert with and jointly participated with defendants Stark County School of Governments and Summit County Board of Developmental Disabilities in depriving plaintiff Natalie Altizer of her fundamental right to start a family and of the equal protection of the law guaranteed by the 14th Amendment to the United States Constitution.

15. As a result of the Health Plan's intentional discriminatory policy language, plaintiff Natalie Altizer and her spouse will be forced to incur great costs – potentially in excess of $100,000 – in order for plaintiff Natalie Altizer to become pregnant.

16. At worst, the costs that plaintiff Natalie Altizer and her spouse would be forced to incur are prohibitive and would entirely prevent plaintiff Natalie Altizer from becoming pregnant and starting a family.

## JURISDICTION

17. This Honorable Court has jurisdiction over the claims in the within matter pursuant to 28 U.S.C. §1331.

## VENUE

18. This Honorable Court has venue over the claims in the within action pursuant to 28 U.S.C. §1391 in that some or all of plaintiff Natalie Altizer's claims for relief arose in and within

the Northern District of Ohio and all defendants ae located in and do business in the Northern District of Ohio.

## PARTIES

19. During all times relevant hereto, plaintiff Natalie Altizer was and is a resident of the City of Akron and has her health insurance under the Health Plan provided through her employer, defendant Summit County Board of Developmental Disabilities, and defendant Stark County Schools Council of Governments, which is administered by defendants Medical Mutual and AultCare pursuant to a contract with defendant Stark County Schools Council of Governments.

20. During all times relevant hereto, defendant Summit County Board of Developmental Disabilities was and is a political subdivision of the State of Ohio that is organized and exists pursuant to Chapter 5126 of the Ohio Revised Code and maintains its principal place of business in the City of Tallmadge, Summit County, State of Ohio.

21. During all times relevant hereto, defendant Stark County Schools Council of Governments was and is a consortium of over 150 public school districts, public libraries, county boards of developmental disabilities, and other local governmental agencies and political subdivisions located throughout the State of Ohio, but primarily in Northeast Ohio, that is organized and exists pursuant to Chapter 167 of the Ohio Revised Code, that provides health care coverage to plaintiff Natalie Altizer under the Health Plan through her direct employer, Summit County Board of Developmental Disabilities.

22. During all times relevant hereto, defendant Stark County Schools Council of Governments was and is a political subdivision of the State of Ohio and maintains its principal place of business in the City of Canton, Stark County, State of Ohio.

23. During all times relevant hereto, defendant AultCare Insurance Company ("AultCare") was and is a corporation organized and existing under the laws of the State of Ohio that has its principal place of business in the City of Canton, Stark County, State of Ohio.

24. During all times relevant hereto, defendant Medical Mutual of Ohio ("Medical Mutual") was and is a corporation organized and existing under the laws of the State of Ohio that has its principal place of business in the City of Cleveland, Cuyahoga County, State of Ohio.

## STATEMENT OF FACTS

25. The allegations set forth in Paragraphs 1 through 24 are incorporated as if fully rewritten herein.

26. Plaintiff Natalie Altizer and her spouse are a same-sex couple who have been lawfully married in Ohio since June 20, 2020.

27. Plaintiff Natalie Altizer has been an employee of defendant Summit County Board of Developmental Disabilities since December 4, 2017.

28. Defendant Summit County Board of Developmental Disabilities is a member of defendant Stark County Schools Council of Governments.

29. Defendant Stark County Schools Council of Governments, through its member entities including defendant Summit County Board of Developmental Disabilities, self-funds a health care plan for employees of its member entities (the "Health Plan") and contracts with defendants Medical Mutual and AultCare to perform necessary claims processing and administrative services.

30. As an employee of defendant Summit County Board of Developmental Disabilities, plaintiff Natalie Altizer receives her health care benefits through her employer and has been

enrolled in the Health Plan, provided by her employer through defendant Stark County School Council of Governments, since January 1, 2019.

31. The Health Plan provides coverage for infertility services but contains language that specifically excludes coverage for same-sex couples like plaintiff Natalie Altizer and her spouse.

32. The language in the Health Plan pertaining to coverage for infertility services states as follows (emphasis added):

> Infertility services include laboratory services, X-rays, therapeutic injection of drugs, hormone shots and surgery. The Plan will provide coverage for embryo transplants on a self-donor basis. The coverage will include all stages of the transplant procedure.
>
> **The Plan excludes coverage for embryo transplants in the case of "other" donor. "Other" donor may include non-spouse sperm doner and non-genetic mother.**

33. A copy of the pertinent provisions of the Health Plan pertaining to infertility services is attached hereto as "Exhibit 1."

34. By excluding from coverage "other" donors, including specifically non-spouse sperm donors and non-genetic mothers, the Health Plan intentionally discriminates against same-sex married couples on the basis of sex.

35. By contracting with defendant Stark County Schools Council of Governments to provide necessary claims processing and administrative services under the Health Plan that is the subject of this lawsuit, including specifically the discriminatory provisions that operate to exclude plaintiff Natalie Altizer from receiving coverage for fertility treatment cited herein, defendants Medical Mutual and AultCare have acted in concert with and jointly participated with defendants Stark County School of Governments and Summit County Board of Developmental Disabilities in

7

depriving plaintiff Natalie Altizer of her fundamental right to start a family and of the equal protection of the law guaranteed by the 14th Amendment to the United States Constitution.

36. Following their marriage, plaintiff Natalie Altizer and her spouse decided that they wanted to have children and start a family, with plaintiff Natalie Altizer to become pregnant.

37. Because plaintiff Natalie Altizer cannot conceive through sexual intercourse with her spouse, she requires fertility treatments to conceive and become pregnant and specifically requires sperm from a non-spouse donor in order for her to get pregnant.

38. On or about February 15, 2022, plaintiff Natalie Altizer and her spouse purchased sperm to be used for impregnating plaintiff Natalie Altizer, and associated storage services, costing them in excess of $4,500.00.

39. Prior to purchasing sperm, plaintiff Natalie Altizer contacted defendant Medical Mutual to inquire about submitting a claim for coverage under the Health Plan for infertility services in order for her to conceive and become pregnant and specifically advised defendant Medical Mutual that she had a same-sex spouse and that self-donation was not a possibility.

40. On or about October 8, 2021, a representative of defendant Medical Mutual notified plaintiff Natalie Altizer in an email that in order for benefits to be provided, "donors must be the patient's spouse in order for benefits to be applied." The representative of defendant Medical Mutual further specifically advised plaintiff Natalie Altizer that "any claims for non-self donors will be denied as a group-exclusion non-covered benefit."

41. On or about October 19, 2021, a representative of defendant Stark County Schools Council of Governments notified plaintiff Natalie Altizer in an email that the Health Plan as it pertains to infertility services excludes coverage when an "other donor" is required.

42. Subsequently, on or about July 19, 2022, defendant Medical Mutual informed plaintiff Natalie Altizer in response to an inquiry regarding coverage, that "fertility services would not be covered under your Medical Mutual policy [and] *** the services would not be covered for non-spousal sperm donation."

43. As a result of defendants' discriminatory denial of coverage, plaintiff Natalie Altizer and her spouse will be required to pay up front and out of pocket for the necessary fertility treatments.

44. Plaintiff Natalie Altizer and her spouse have been advised by a fertility treatment center that the approximate out-of-pocket cost for fertility treatment and related services in order for her to conceive could exceed $100,000.00.

## FIRST CLAIM FOR RELIEF
### (Discrimination In Health Care On The Basis Of Sex – 42 U.S.C. §18116(a))

45. The allegations set forth in Paragraphs 1 through 44 are incorporated as if fully rewritten.

46. Section 1557 of the ACA, 42 U.S.C. §18116(a), prohibits discrimination on the basis of sex, including discrimination on the basis of sexual orientation and gender identity, in any health care program or activity that receives federal financial assistance.

47. Defendant Medical Mutual receives federal financial assistance and is a health program or activity, and therefore is covered by Section 1557 of the ACA.

48. Defendant AultCare receives federal financial assistance and is a health program or activity, and therefore is covered by Section 1557 of the ACA.

49. Defendant Summit County Board of Developmental Disabilities receives federal financial assistance and therefore is covered by Section 1557 of the ACA.

50. Defendant Stark County Schools Council of Governments receives federal financial assistance and is therefore covered by Section 1557 of the ACA.

51. Defendants Medical Mutual, AultCare, Summit County Board of Developmental Disabilities and Stark County Schools Council of Governments intentionally discriminate on the basis of sex, in violation of Section 1557 of the ACA, 42 U.S.C.§18116(a), by unlawfully denying fertility treatment coverage to same sex married couples.

52. As a result of defendants' intentional discriminatory denial of coverage, plaintiff Natalie Altizer and her spouse will be required to pay up front and out of pocket for the necessary fertility treatments.

53. As a direct and proximate result of the actions and inactions of defendants described herein, plaintiff Natalie Altizer has sustained economic and non-economic loss in an amount to be proven at the trial of this action.

**WHEREFORE**, plaintiff Natalie Altizer respectfully requests judgment against the defendants as follows:

   a. An order declaring that defendants violated Plaintiff Natalie Altizer's rights under Section 1557 of the ACA by virtue of their intentional discriminatory policy on coverage for infertility treatments and that defendants are likely to cause ongoing violations of plaintiff Natelie Altizer's rights;

   b. An order permanently enjoining defendants from implementing and enforcing their discriminatory policy as to infertility treatment coverage;

   c. An award of compensatory damages in an amount to be determined at trial;

   d. An award of punitive damages in an amount to be determined at trial;

   e. An award of reasonable attorney's fees and costs; and

   f. An award of such other legal and equitable relief as this Court deems just and reasonable.

**SECOND CLAIM FOR RELIEF**
**(Denial of Equal Protection – 14th Amendment – 42 U.S.C. §1983)**

54. The allegations set forth in Paragraphs 1 through 53 are incorporated as if fully rewritten herein.

55. Defendants Summit County Board of Developmental Disabilities and Stark County Schools Council of Governments are each public entities and political subdivisions of the State of Ohio that at all times acted under color of law in providing health care benefits under the Health Plan to their respective members and their employees.

56. By entering into a contract with defendant Stark County Schools Council of Governments to provide necessary administrative and claims-processing services for defendant Stark County Schools Council of Governments and the employees of its various member institutions, including plaintiff Natalie Altizer, defendants Medical Mutual and AultCare each have acted under color of law and have engaged in state action by acting in concert with each other and jointly participating in depriving plaintiff Natalie Altizer of her fundamental right to start a family and of the equal protection of the law guaranteed by the 14th Amendment to the United States Constitution.

57. The right to bear children and create a family is a fundamental right.

58. By limiting coverage for infertility treatment under the Health Plan to couples who are able to conceive on a self-donor basis and specifically and intentionally excluding from coverage LGBTQ couples who can only conceive through the use of an "other donor," including a non-spouse male donor, defendants herein violated plaintiff Natalie Altizer's right to Equal Protection under the law as guaranteed by the 14th Amendment to the United Staes Constitution.

59. Classifications based upon sex and sexual orientation demand heightened scrutiny under the Equal Protection Clause of the 14th Amendment to the United States Constitution.

11

60. Sexual orientation bears no relation to an individual's ability to perform or contribute to society and to raise a family.

61. Sexual orientation is a core, defining trait that is so fundamental to one's identity that a person may not legitimately be required to abandon it (even if it were possible to do so) as a condition of receiving equal treatment and equal protection under the law.

62. The fertility treatment provisions of the Health Plan that are the subject of this litigation intentionally violate the Equal Protection Clause of the 14th Amendment to the United States Constitution by burdening women in same-sex relationships, including plaintiff Natalie Altizer and her spouse, in exercising their fundamental right to bear children and create a family.

63. Defendants further lacked a legitimate and/or compelling governmental interest in denying coverage for infertility treatment to same-sex couples, including plaintiff Natalie Altizer and her spouse, under the Health Plan that is the subject of this litigation.

64. Any interest that defendants might claim as justification for denying coverage for infertility treatment to same-sex couples like plaintiff Natalie Altizer and her spouse is substantially outweighed by the fundamental right of same-sex couples like plaintiff Natalie Altizer and her spouse to bear children and create a family.

65. As a result of defendants' discriminatory denial of coverage, plaintiff Natalie Altizer and her spouse will be required to pay up front and out of pocket for the necessary fertility treatments.

66. As a direct and proximate result of the actions and inactions of defendants described herein, plaintiff Natalie Altizer has sustained economic and non-economic loss in an amount to be proven at the trial of this action.

**WHEREFORE**, plaintiff Natalie Altizer respectfully requests judgment against the defendants as follows:

a. An order declaring that defendants violated Plaintiff Natalie Altizer's rights to equal protection under the law pursuant to the Fourteenth Amendment to the United States Constitution by virtue of their discriminatory policy on coverage for infertility treatments and that defendants are likely to cause ongoing violations of plaintiff Natelie Altizer's rights;

b. An order permanently enjoining defendants from implementing and enforcing their discriminatory policy as to infertility treatment coverage;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

f. An award of such other legal and equitable relief as this Court deems just and reasonable.

Respectfully Submitted


s/*Mark P. Herron*_____
Mark P. Herron (Ohio Reg. No. 0051998)
5001 Mayfield Road, Suite 318
Lyndhurst, Ohio 44124
(216) 280-2828
Email: herronlaw@msn.com

Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff Demands a trial by jury on all claims so triable.

                                            s/*Mark P. Herron*_____
                                            Mark P. Herron (Ohio Reg. No. 0051998)